# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MELISSA KIRDZIK, and | * | |
| JOHN HENRY WATTS III, Natural | * | |
| Parents of | * | No. 15-0098V |
| J.H.W. IV, a minor, | * | Special Master Christian |
| | * | Moran |
| Petitioners, | * | |
| | * | |
| v. | * | Filed: April 12, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | |
| | * | Hepatitis B vaccine; respiratory |
| Respondent. | * | distress syndrome ("RDS"), |
| | * | compensation. |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC., Linwood, NJ, for petitioner.
Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

     Melissa Kirdzik and John Henry Watts III filed a petition on behalf of their minor son, J.H.W. ("JHW"), under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on February 2, 2015.  The petition alleged that JHW suffered injuries after he received the Hepatitis B vaccine on June 29, 2013.  See Petition, filed Feb. 2, 2015.  The information in the record, however, does not show entitlement to an award under the Program.

---

     [1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

On February 2, 2015, a petition was filed on behalf of JHW seeking compensation for injuries he sustained following the receipt of the Hepatitis B vaccine administered on June 29, 2013. The petition alleges that the vaccine administration caused JHW to suffer and/or aggravated a breathing disorder/condition.

On March 23, 2015, respondent filed her Rule 4 report. She concluded that petitioners failed to demonstrate, by a preponderance of the evidence, that JHW's injuries were caused-in-fact by the vaccine or based on a significant aggravation of a pre-vaccination respiratory distress syndrome ("RDS"). Respondent further concluded that the petition lacked a reasonable basis.

On July 15, 2015, petitioners filed expert reports from Edward W. Pearson, M.D. and on January 28, 2016, respondent filed an expert report and supporting literature from Daniel H. Conway, M.D.

During a status conference held on February 8, 2016, petitioners' counsel requested time to confer with petitioners on how they would like to proceed with the case.

On March 8, 2016, petitioners filed a motion entitled Motion for Judgement on the Existing Record. Petitioners asserted that they intend to preserve their right to file a civil action against the administrator and/or the manufacturer of the Hepatitis B vaccine in the event the Special Master's judgment is to deny entitlement to compensation.

On March 28, 2016, respondent filed a response to petitioners' motion. Respondent stated that it was unclear what the petitioners' were specifically requesting. Based on the procedural history of the case, respondent interpreted the motion as requesting a ruling on the record. Respondent concluded that based on the existing record entitlement to compensation must be denied and petition must be dismissed.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to

2

one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that JHW suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that JHW's injuries are vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Though a medical opinion has been offered, it is not persuasive.

Dr. Pearson reasons that JHW did not fit into a risk category for RDS, stating "his RDS is highly likely from another cause." Exhibit 17 at 4. Dr. Pearson concludes that the administration of the vaccine aggravated JHW's symptoms, and if it was not for the vaccine, it is more likely than not that JHW would not continue to experience health and pulmonary problems. Id. at 5. However, Dr. Pearson does not adequately address JHW's existing respiratory difficulty prior to vaccination. Dr. Pearson states that JHW's difficulties could be "fairly easily and non surgically manag[ed]" without further explanation of that conclusion See id. at 4-5. Dr. Pearson's focuses on increasing respiratory problems after administration without adequately addressing JHW's preexisting respiratory problems means the report cannot be given substantial weight.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate that JHW suffered a "Table Injury," that the hepatitis B vaccination "actually caused" JHW's breathing problems, or that the hepatitis B vaccination "significantly aggravated" his breathing problems.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master