# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MELISSA KIRDZIK, and           \*
JOHN HENRY WATTS III, Natural  \*
Parents of                     \*
J.H.W. IV, a minor,            \*    No. 15-0098V
    Petitioners,   \*    Special Master Christian J. Moran
        \*
v.                             \*    Filed: August 10, 2016
        \*
SECRETARY OF HEALTH            \*    Attorneys' fees and costs
        \*
    Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC., Linwood, NJ, for petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

  Petitioners Melissa Kirdzik and John Henry Watts III filed their application for attorneys' fees and costs on May 17, 2016. The Secretary objects to the amount petitioners have requested and present an alternative range of $23,000.00 to $32,000.00. Petitioners are awarded **$44,000.00.**

\*   \*   \*

  Melissa Kirdzik and John Henry Watts III filed a petition on behalf of their minor son, J.H.W. ("JHW"), under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 through 34 (2012), on February 2, 2015. The petition alleged

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

that JHW suffered injuries after he received the hepatitis B vaccine on June 29, 2013.  See Pet., filed Feb. 2, 2015.

In the respondent's Rule 4 report, she concludes that the petitioners failed to demonstrate, by a preponderance of the evidence, that JHW's injuries were caused-in-fact by the vaccine or based on a significant aggravation of a pre-vaccination respiratory distress syndrome ("RDS").  Respondent further concluded that petitioners lacked a reasonable basis.

In support of their claim, petitioners filed two expert reports written by Dr. Edward W. Pearson.  In these reports, Dr. Pearson opines that the administration of the hepatitis B vaccination severely aggravated the patient's worsening respiratory distress and oxygen desaturation, resulting in a requirement for intubation and a chest tube placement.  He further opines that, but for the vaccination, JHW would not have required intubation.  Exhibit 20 at 6.

The Secretary subsequently filed a responsive expert report, which was discussed in a February 2016 status conference.  In March 2016, petitioners filed a motion for judgment on the administrative record.  The undersigned then issued a decision denying compensation, dismissing the case for insufficient proof.  Decision, issued Apr. 12, 2016.

In May, 2016, petitioners filed a motion for attorneys' fees and costs requesting $54,617.50 in fees and $7,284.05 in costs, for a total amount of $61,901.55.  The Secretary objected to the amount, stating that a reasonable amount is between $23,000.00 and $32,000.00, and suggesting the undersigned award attorneys' fees and costs within that range.  See Resp't's Resp., filed May 24, 2016, at 3.  In support of her estimated range, the Secretary listed comparable cases, and their associated fees.  Id.  Petitioners replied on May 27, 2016.  At this point, the motion is ready for adjudication.

\*     \*     \*

Even when compensation is denied, as it was here, petitioners who bring their petition in good faith, and who have a reasonable basis for their petition, may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  While the case was dismissed for insufficient proof, the medical records and expert reports, though not persuasive, show that there was reasonable basis to file the petition.  As such, petitioners are eligible for attorneys' fees and costs.  The ensuing question is the reasonable amount for attorneys' fees and costs.

2

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

Petitioners' counsel has requested $61,901.55 in fees and costs. The undersigned conducted line-by-line analysis of all the entries documented in the timesheets, despite the fact that when making reductions, a line-by-line evaluation of the fee application is not required. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 at *5 (quoting Wasson by Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482 (1991)). The attorney's timesheets are sufficiently detailed that her activities are understandable. The attorney, however, failed to delegate certain tasks to paralegals, resulting in paralegal work being improperly billed as attorney work. "[T]he time spent by an attorney performing work that a paralegal can accomplish should be billed at a paralegal's hourly rate, not an attorney's." Riggins v. Sec'y of Health & Human Servs., No 99–382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied, (Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011). See also Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415 (Fed. Cir. 2009). Additionally, the attorney billed for administrative and clerical work, which cannot be reimbursed. Attorneys may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n. 5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407–08 (1997).

In addition to the line-by-line evaluation, the undersigned has also considered petitioners' counsel's fees in the context of the overall case, and experience with similar Vaccine Act litigation. In short, all factors point to a finding that petitioners' counsel has billed 25 percent too many hours. Admittedly, this estimate is not precise. It is important to recall, however, that "the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 563 U.S. 826, 838 (2011). While not precise, the evidence marshalled above is adequate to accomplish "rough justice." Accordingly, the undersigned finds an appropriate amount of attorneys' fees to be $38,842.20.

3

In addition to the attorneys' fees award, the undersigned considered costs associated with the petitioners' expert report.

In the report, Dr. Pearson reasons that JHW did not fit into a risk category for RDS, stating "his RDS is highly likely from another cause." Exhibit 17 at 4. Dr. Pearson concludes that the administration of the vaccine aggravated JHW's symptoms, and if it was not for the vaccine, it is more likely than not that JHW would not continue to experience health and pulmonary problems. Id. at 5. Dr. Pearson, however, does not adequately address JHW's existing respiratory difficulty prior to vaccination. Additionally, Dr. Pearson states that JHW's difficulties could be "fairly easily and non surgically manag[ed]," but provides no explanation in regards to how he reached this conclusion. See id. at 4-5.

The hourly rate proposed by petitioners for Dr. Pearson is too high. The undersigned reviewed Dr. Pearson's area of expertise, education, training, and the nature of the information provided and estimated that a reasonable hourly rate for Dr. Pearson's work was significantly lower than the rate claimed. Baker v. Sec'y of Health & Human Servs., No. 99–653V, 2005 WL 589431, at *3–5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005) ("the witness's area of expertise; the education and training required to provide him the necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; the cost of living in the expert's geographic area; and any other factor likely to assist the undersigned in balancing the various interests in the case."), mot. for review den'd, 2005 WL 6122529 (Fed. Cl. June 21, 2005). Despite requests by the undersigned to provide support for their proposed rate, petitioners were unable to justify an award of costs for Dr. Pearson at a rate of $400 or $500 an hour. Based on Dr. Pearson's area of expertise, education, training, and the nature of work provided, the undersigned finds the proper rate to be $300 an hour. This correlates to an award of $5,157.80 in costs. This value includes both the cost of Dr. Pearson and the general costs paid by the attorney.

The above analysis is the primary foundation for this decision. The undersigned, however, also considered the Secretary's response to petitioners' motion for attorneys' fees and costs, which cited four cases supporting a fees and costs range between $23,000 and $32,000; Gonzalez, Schaller, Johnson, and Meyers. Gonzalez v. Sec'y of Health & Human Servs., No. 14-1072V, 2015 WL 10435023 (Fed. Cl. Spec. Mstr. Nov. 10, 2015); Schaller v. Sec'y of Health & Human Servs., No. 15-120V, 2016 WL 2627090 (Fed. Cl. Spec. Mstr. Apr. 14, 2016); Johnson v. Sec'y of Health & Human Servs., No. 14-64V, 2015 WL 3537074 (Fed. Cl. Spec. Mstr. May 14, 2015); and Meyers v. Sec'y of Health &

Human Servs., No. 14-281V, 2015 WL 6956666 (Fed. Cl. Spec. Mstr. Oct 20, 2015). A brief review of these cases to determine if they are comparable is in order.

In Gonzalez, petitioner's counsel was Carol Gallagher, as in this case. See Gonzalez, 2015 WL 10435023, at *2. Ms. Gonzalez alleged that the combined diphtheria-tetanus acellular-pertussis ("DTaP") vaccine caused her daughter to develop pertussis, speech delay, and other symptoms. Ms. Gallagher worked on petitioner's case for about 33 hours prior to filing the petition, however petitioner was subsequently unable to get an expert report which supported her allegation. Id. at *2, *4. The case was subsequently dismissed at the request of petitioner. Id. at *4. Special Master Corcoran awarded $27,202.52 in fees and costs. This award reduced the expert's rate for lack of complexity in the material, and counsel was paid at a paralegal rate for the paralegal work billed for. Though this case has an expert report by petitioners, which Gonzalez did not, that further litigation is compensated in this case with a commensurately greater amount of fees and costs ($44,000.00 compared to roughly $27,000.00). With that caveat, the undersigned finds Gonzalez analogous to this case for the purpose of determining reasonable fees.

In Schaller, petitioner alleged the hepatitis B vaccine caused her pain, numbness, and loss of mobility in her right arm, shoulder, and hand. Schaller v. Sec'y of Health & Human Servs., No. 15-120V, 2016 WL 826171, at *1 (Fed. Cl. Spec. Mstr. Feb. 11, 2016). Both petitioner and the Secretary filed expert reports, but petitioner's counsel decided not to file an expert report responsive to the Secretary's expert report, and instead moved to dismiss the petition. Id. at *1-2. Special Master Millman awarded $20,743.50 in attorneys' fees, and $3,258.53 in costs, for a total amount of $24,002.03. Schaller, No. 15-120V, 2016 WL 2627090, at *2. Schaller is factually and procedurally very consistent with this case, to include petitioner's counsel practicing in a comparable legal market (Phoenix, Arizona), with comparable legal experience (roughly 20 years). The undersigned finds Schaller analogous to this case for the purpose of determining reasonable fees.

In Johnson, petitioner alleged the hepatitis B vaccine caused her multiple sclerosis. Johnson v. Sec'y of Health & Human Servs., No. 14-64V, 2014 WL 7508084, at *1 (Fed. Cl. Spec. Mstr. Dec. 9, 2016). Petitioner, however, was subsequently unable to get an expert report which supported her allegation. Id. at *1. The case was subsequently dismissed at the request of petitioner. Special Master Gowan awarded $31,360.00 in fees and costs. Again, though this case has an expert report by petitioners, which Johnson did not, that further litigation is

compensated in this case with a commensurately greater amount of fees and costs ($44,000.00 compared to roughly $31,000.00).  Finally, petitioner's counsel in Johnson practiced in a comparable legal market (Sarasota, Florida), with comparable legal experience (over 20 years).  With the above caveat, the undersigned finds Johnson analogous to this case for the purpose of determining reasonable fees.

Finally, in Meyers, petitioner alleged that multiple human papillomavirus vaccinations caused her hidradenitis suppurative lymphadenopathy and headaches, but subsequently amended her petition to assert that the third vaccination significantly aggravated her pre-existing medical conditions.  Meyers v. Sec'y of Health & Human Servs., No. 14-281V, 2015 WL 6735653, at *1 (Fed. Cl. Spec. Mster. Oct. 14, 2016).  Petitioner was able to file an expert report, but the report stated that her reaction resolved in 23 days, not the six months required by the Vaccine Act, and the case was subsequently dismissed by petitioner.  Id.  Special Master Millman awarded $22,000.00 in fees and costs.  Meyers is factually and procedurally very consistent with this case, however Myers counsel was practicing in a smaller legal market (Auburn, Maine), but with comparable legal experience (roughly 15 years).  Given the smaller legal market in Myers, one would expect the fees in this case to be somewhat greater, which they are ($44,000.00 compared to roughly $22,000.00).  With the above caveat, the undersigned finds Meyers analogous to this case for the purpose of determining fees.

Petitioners' reply to the respondent did not distinguish this case from those cited by the Secretary, instead claiming that the amount of compensation was reasonable because "[t]here are vast differences in the range of hours and costs spent in vaccine cases."  Pet'r's Reply, filed May 27, 2016, at 4.  Petitioners also claim that "[i]f respondent is allowed to set the parameters of appropriateness for petitioners' award of fees and costs, then to be equitable, the court should review every case in the vaccine program that has been dismissed to determine, not only the appropriate range of fees and costs, but to determine which cases most closely comport with the facts and circumstances of the within matter."  Id. at 2.

The undersigned reviewed the cases cited by the Secretary as comparable, and, without counterargument from petitioners, finds them analogous for the purpose of determining reasonable fees.  While lodestar independently supports the award granted in this case, the Secretary's analogous cases are further evidence supporting the reduced attorneys' fees and costs award in this case.  Of note, petitioners' counsel in this case is being awarded more in fees than any of these cases, despite the cases having comparable facts, procedural history, attorneys, and legal markets, with the caveats outlined above.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $44,000 ($38,842.20 in fees and $5,157.80 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioners' motion and awards **$44,000.00** in attorneys' fees and costs. This shall be paid as follows:

**A lump sum payment of $44,000.00, in the form of a check made payable jointly to petitioners and petitioners' attorney, Carol L. Gallagher, of Carol L. Gallagher, Esquire, LLC., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions regarding this order shall be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master